IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOAN E. KREMPA[1] #925-192          *

    Petitioner          *

        v          *          Civil Action No. DKC-12-841

CARROL PARRISH, et al.,          *

    Respondents          *
                ***

## MEMORANDUM OPINION

Pending are Petitioner's Petition for Writ of Habeas Corpus as amended (ECF Nos. 1 and 6), Respondents' Answer as supplemented (ECF Nos. 6, 12 and 15), and Petitioner's reply thereto.  ECF Nos. 7 and 13.  After review, the court finds no need for an evidentiary hearing.  *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2011); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)).

### Background

On March 15, 2010, Petitioner entered a guilty plea to one count of felony theft scheme in the Circuit Court for Howard County. ECF No. 6 at Ex. 2.  The uncontroverted facts read into the record in support of the plea detailed how Petitioner used her position as a newly hired bookkeeper to steal over $86,000 from her employer, Parade Produce, between February 1, 2008, and December 31, 2008. *Id*. at 11-15. The state established that Petitioner's theft occurred in Howard County.  *Id*. at 15.  After a hearing on May 20, 2010, the court sentenced Petitioner to serve fifteen years in prison. *Id.* at Ex. 3.  An application for leave to appeal her plea and

---

[1] The Clerk shall amend the docket to reflect the proper spelling of Petitioner's name.

sentence was not properly filed, *id.* at Ex. 1 and 4; thus, judgment of conviction became final on June 21, 2010.  *See* Md. Rule 8-204.  A motion for modification of sentence, filed on May 25, 2010, was held sub curia by the court and denied on October 17, 2011.  *Id.*  Exhibit 1 at 1, 17.

On May 27, 2010, Petitioner filed a post-conviction petition in the Circuit Court.  ECF No. 6 at Ex. 1 at 12 and Ex. 5.  As supplemented, litigated and construed, the petition alleged that (A) trial counsel was ineffective for failing to (1) perfect her right to a direct appeal, (2) seek review by a three-judge panel, and (3) inform her of the elements of felony theft scheme; (B) the Federal Government has authority and jurisdiction over produce markets; (C) no crime was committed in Howard County; (D) the indictment was invalid; (E) the judgment of conviction violated the principles of double jeopardy; and (F) evidence of a car chase with police at the time of her arrest was improperly admitted at sentencing. *Id.* at Ex. 1, pp. 12-13 and Ex. 5-7.  A hearing on the petition was held on September 30, 2010.  *Id* at Ex. 1, p. 13.  On. October 15, 2010, the post-conviction court granted Petitioner the right to file a belated application for leave to appeal her guilty plea and a belated request for review by a three-judge panel but otherwise denied relief.  *Id.* at Ex. 7.  Neither party sought leave to appeal the post-conviction rulings.  *Id.* at Ex. 1, pp 13-14.  Thus, under Md. Rule 8-204, the post-conviction judgment became final on November 15, 2010.

On November 3, 2010, pursuant to the relief granted by the post-conviction court, Petitioner supplemented a counseled application for leave to appeal her guilty plea.[2]  The self-represented supplement claimed that (A) her judgment violated the principles of double jeopardy; (B) Howard County did not have jurisdiction over the crime; and (C) the prosecutor committed misconduct at sentencing.  *Id*.  The counseled application claimed Petitioner's guilty

---

[2] For reasons not apparent in the record, the counseled application was not entered on the docket until November 9, 2010. ECF No. 6 at Ex. 1 and 8.

plea was defective because she was not adequately advised of the elements of the crime. *Id.* at Ex. 8. On March 29, 2012, the application for leave to appeal was summarily rejected by the Court of Special Appeals of Maryland. The appellate mandate issued on May 1, 2012. *Id.* at Ex. 9.

In her initial submission to this court, Petitioner's claim focused solely on issues affecting her sentence, namely (A) that her sentence was discriminatory because it did not take into count her age and mental and physical ailments. Petitioner also referenced (B) the court's reliance on a false statement made by the prosecutor concerning the existence of an outstanding violation of probation charge arising out of an earlier Baltimore City conviction. EFC No. 1. On June 8, 2012, Petitioner submitted a response which was construed as an amendment to the Petition. The response asserts that (C) her guilty plea was defective because she was not informed of the elements of the felony theft scheme; (D) the Circuit Court for Howard County did not have jurisdiction over her case and the indictment was defective; and (E) she was treated unfairly at sentencing. ECF No. 7. Respondents argue that Petitioner's claims are without merit or are not colorable under § 2254. ECF Nos. 6 and 11.

### Preliminary Matters

<u>Exhaustion of State Remedies</u>

Under *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), before a petitioner may seek habeas relief in federal court, she must have exhausted each claim presented to the federal court by pursuing remedies available in State court. This exhaustion requirement is satisfied by seeking review of the claim in the highest State court with jurisdiction to consider the claim. *See* 28 U.S.C. § 2254(b) and (c). Here, the conviction was obtained by plea agreement. In Maryland, appeal of a plea is discretionary; a defendant must seek leave to appeal

from the Court of Special Appeals of Maryland.  *See* Md. Code Ann., Crim. Pro. Art., §§ 7-101 *et seq.* (2001).  Petitioner sought leave to appeal after she was granted the opportunity to do so following her post-conviction hearing.   In the counseled and amended self-represented application, she challenged whether she was advised of the elements of the crime, whether she was subjected to double jeopardy, whether Howard County had jurisdiction, and whether the prosecutor committed misconduct at sentencing.  She further developed these claims and raised additional claims of ineffective assistance of trial counsel at her post-conviction hearing, from which no appeal was taken.  Petitioner's claims here have been presented to the Maryland courts and do not rely on facts or arguments substantially different than those already asserted in State court; therefore, the court finds the claims properly exhausted for purposes of federal habeas corpus review.[3]

<u>Statute of Limitations</u>

Respondents do not contend – and the court does not find – that the Petition is time-barred pursuant to 28 U.S.C. § 2244(d).

**Standard of Review**

An application for writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States.  28 U.S.C. § 2254(a).  The federal habeas statute at 28 U.S.C. § 2254 sets forth a "highly deferential standard for evaluating state-court rulings" *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997); *see also Bell v. Cone*, 543 U.S. 447 (2005).  This standard is "highly deferential" and "difficult to meet." *Cullen v. Pinholster*, 563 U.S. __, ___, 131 S.Ct. 1388, 1398 (2011); *Harrington v. Richter*, 562 U.S_, ___131 S. Ct. 770, 786 (2011).

---

[3] As the denial of Petitioner's post-conviction claims was not challenged in the Court of Special Appeals, those claims, if cognizable here, are subject to the procedural default doctrine.

A federal court may not grant a writ of habeas corpus unless the state's adjudication on the merits: 1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States"; or 2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254 (d).   A state adjudication is contrary to clearly established federal law under § 2254(d)(1) where the state court 1) "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or 2) "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [the Supreme Court]." *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

Under the "unreasonable application" analysis under 2254(d)(1),   a "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 131 S.Ct. at 786 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).   Thus, "an unreasonable application of federal law is different from an incorrect application of federal law." *Id*. at 785 (internal quotation marks omitted).

Further under § 2254(d)(2), "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, _U.S. _, 130 S.Ct. 841, 849 (2010). "[E]ven if reasonable minds reviewing the record might disagree about the finding in question," a federal habeas court may not conclude that the state court decision was based on an unreasonable determination of the facts. *Id*. **"**[A] a federal habeas court may not issue the writ simply because [it] concludes in its

independent judgment that the relevant state-court decision applied established federal law erroneously or incorrectly.*" Renico v. Lett,* _ U.S_, 130 S. Ct. 1855, 1862 (2010).

The habeas statute provides that "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). "Where the state court conducted an evidentiary hearing and explained its reasoning with some care, it should be particularly difficult to establish clear and convincing evidence of error on the state court's part." *Sharpe v. Bell*, 593 F.3d 372, 378 (4th Cir. 2010). This is especially true where state courts have "resolved issues like witness credibility, which are 'factual determinations' for purposes of Section 2254(e)(1)." *Id*. at 379.

Using this framework, the court now examines each of Petitioner's claims.

## Analysis

Petitioner attacks her guilty plea, asserting the plea was defective because she was not informed of the elements of felony theft scheme. She further contends the Howard County Circuit Court lacked jurisdiction and the indictment was defective. Examination of the record shows otherwise.

On March 15, 2010, Petitioner, represented by counsel, entered a guilty plea to one count of felony theft scheme in the Circuit Court for Howard County. ECF No. 6 at Ex. 2. The State made clear it would be recommending a 12- to 15-year sentence with a request for $86,000 in restitution. *Id*. at Ex. 2 p. 3. By the terms of the plea agreement, the defense would argue for whatever sentence it deemed appropriate. *Id*.

During the plea colloquy Petitioner confirmed that she did commit the felony theft scheme for which she was charged and acknowledged the she understood the rights she was

forgoing by entering a guilty plea. *Id*. at pp. 3 and 5-10.   Petitioner indicated that she had discussed the elements of the offense with defense counsel "at great length" and stated that she wanted to enter a guilty plea.  *Id*.  Facts read into the record in support of plea recounted how Petitioner stole over $86,000 from Parade Produce, owned and operated by Frank Spinale, between February 1, 2008, and December 31, 2008. *Id*. at pp. 11-15.  Some of the money was used "to pay for her bail bondsman in an unrelated forgery case in Anne Arundel County in October -- on October 19, 2008." *Id*. at p. 13. When confronted by the police with respect to the theft, Petitioner led several officers on a chase through the Pasadena area, where they were able to follow her into a parking lot. When police attempted to restrict her movement, Petitioner intentionally drove into a car driven by Anne Arundel County Police Sergeant Burrell, before fleeing again.  She was apprehended after abandoning her car and fleeing on foot.  *Id*. at p. 14. Petitioner admitted to the police "to stealing the checks, and stated repeatedly that she was sorry and wanted to apologize to Frank Spinale." *Id*.

After the facts were read, the prosecutor indicated to the court that all of the events underlying the felony theft scheme occurred in Howard County.  *Id*. at p. 15. The defense offered no corrections, additions, or modifications to the facts underlying the guilty plea.  *Id*.  The court then entered the guilty plea to one count of felony theft scheme. *Id*.

Petitioner's claim that she was not adequately advised of the elements of felony theft scheme was raised in Petitioner's application for leave to appeal the entry of her guilty plea, and summarily rejected by the Court of Special Appeals.   A similar claim, raised in state post-conviction proceedings in the Circuit Court, also was rejected:

> The record reflects that Petitioner was entering a guilty plea to Theft Scheme Over $500.00. (T.4, l. 21); (T.6, l 6). During the guilty plea litany, Trial Counsel explained that taking checks from her employer and using  them for her own benefit without her

> employer's understanding would  constitute Theft Scheme. During
> the September 30, 2010, hearing,  Trial Counsel made clear that
> elements of Theft Scheme Over $500.00 were explained to
> Petitioner repeatedly prior to her guilty plea. The Court finds Trial
> Counsel to be credible. Further, Petitioner testified on September
> 30, 2010 that she knew she was entering a guilty plea to Theft
> Scheme, and that the crime involved 102 separate checks with a
> value well over $500. The Court finds that Petitioner received real
> notice of the true nature of the charge against her, prior to and
> during the guilty plea. Petitioner was aware of the relevant
> circumstances and potential consequences of her guilty plea.
> Again, the Court accepts as true, Trial Counsel's representation
> that he properly informed Petitioner of the nature and elements of
> the charge prior to her guilty plea. Petitioner's guilty plea is
> therefore valid.

ECF No. 6 at Ex. 6, p. 6.

The state courts' rejection of Petitioner's claim survives scrutiny under 28 U.S.C. § 2254(d).  To be valid, a guilty plea must be the informed and intelligent decision of the criminal defendant, *Boykin v. Alabama*, 395 U.S. 238, 242 (1969); must be the voluntary and intelligent choice of the defendant among alternative courses of action open to him, *North Carolina v. Alford*, 400 U.S. 25, 31 (1970); and is unacceptable if the defendant does not comprehend his constitutional protections and the charges lodged against him, *Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976).  As Maryland Rule 4-242(c) provided at the time of Petitioner's plea, the trial court "may accept a plea of guilty only after it determines, upon an examination of the defendant on the record in open court conducted by the court, the State's Attorney, the attorney for the defendant, or any combination thereof, that (1) the defendant is pleading voluntarily, with an understanding of the nature of the charge and the consequences of the plea; and, (2) there is a factual basis for the plea."  These requirements comport with federal case law.  The record in this case shows that Petitioner's plea was not constitutionally infirm; pursuant to Rule 4-242, the trial court developed a record to satisfy itself that Petitioner fully understood the terms of the plea

8

agreement.  *Id.,* Ex. 2 at 3-15.  The court ascertained that Petitioner's plea was not the result of

threats or inducements, and that she understood the constitutional rights in a criminal proceeding

that she would be forgoing by pleading guilty, including her rights: to a jury trial in which the

jury would have to reach a unanimous verdict finding her guilty beyond a reasonable doubt, to

confront the witnesses against her and to call witnesses and present evidence in her defense,

against self-incrimination, and to a direct appeal as of right.  *Id.*   In the subsequent post-

conviction proceedings, the post-conviction court made inquiry into whether Petitioner was

informed of the elements of the felony theft scheme charge to which she pled guilty and made

specific finding of fact, based on the evidence presented, that she was informed of these

elements. *Id.* at Ex. 6, p. 6; *see also id.* at p. 4 (noting that trial counsel testified credibly at the

post-conviction hearing that he discussed "the elements of theft scheme with Petitioner on

numerous occasions, in person and over the telephone, prior to her guilty plea.").  Both the trial

court and the post-conviction court found that Krempa understood the nature of theft charge to

which she was entering a plea, the factual basis of those charges, and the consequences of

accepting the plea offer.  *Id. at* Ex. 3, pp. 3-7; Ex. 6 at p. 6.  Under the circumstances, the state

courts' rulings rejecting Petitioner's claim that her plea was unknowing and/or involuntary is an

eminently reasonable application of federal law which survives scrutiny under § 2254(d).

Petitioner also claims that the trial court lacked jurisdiction and that the charging

document was invalid.  ECF No. 7 at pp. 2-4.  These claims, raised in the application for leave to

appeal the entry of the guilty plea and sentence, were denied summarily by the Court of Special

Appeals.  ECF No. 6, at Ex. 8 and 9. These same claims, presented at post-conviction, were

again rejected:

> With respect to Petitioner's assertion that the Federal Government
> has jurisdiction over produce markets, the Court finds such

> assertion to be without merit. Similarly, Petitioner's assertion that
> stealing blank checks in Howard County and cashing them in Anne
> Arundel County does not allow for criminal charges in Howard
> County is without merit. Petitioner's complaint that her Indictment
> did not charge her with a crime is simply in error.

*Id.* at Ex. 6, p. 6.

Assuming these challenges are cognizable here, the court find that the state courts' decisions survive scrutiny under 28 U.S.C. § 2254(d). During the plea colloquy, Petitioner acknowledged that she committed the felony theft scheme crime to which she was pleading guilty and that the relevant events underlying the crime occurred in Howard County. ECF No. 6, Ex. 2 at 10-15.

Petitioner's challenge to her indictment fails. The crime of theft is codified in Maryland's Consolidated Theft Statute, *see* Md. Code Ann., Crim. Law. Art., §§ 7-101 through 7-110 (2012). Section 7-104(a) describes theft as follows: A person may not willfully or knowingly obtain or exert unauthorized control over property, if the person…intends to deprive the owner of the property. Because Petitioner's theft was part of a continuing course of conduct, the State treated it as one crime and aggregated the value of the property she stole. *See* Md. Code Ann., Crim. Law. Art., §§ 7-103(f) (2012). The charging document properly advised Petitioner of the charge against her, and after a full colloquy before the court and a recitation of the facts, Petitioner pled guilty to the specific offense with which she was charged. ECF No. 6 at Ex. 2, pp. 10-15. As noted by the post-conviction court, ECF No. 6 at Ex. 6, p. 6, the jurisdictional and charging defects Petitioner alleges are imaginary. The rejection of these claims by the state courts was proper, and provide no basis for relief under 28 U.S.C. § 2254(d).

Petitioner also attacks her sentence, claiming the trial court failed to take into consideration her physical and mental ailments and age, and imposed a greater period of

incarceration than that sought by the State, based on the prosecutor's false statement that she had an outstanding violation of probation charge.

Sentence calculation and/or construction issues generally are issues of state law and do not give rise to a federal question. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas corpus court to reexamine state court determinations on state law questions."); *see also Wilson v. Corcoran*, 131 S.Ct. 13, 14 (2011) (Federal courts may not issue writs of habeas corpus to state prisoners whose confinement does not violate federal law." Thus, absent violation of a federal constitutional right, Petitioner's challenges to her sentence are not cognizable in federal collateral proceedings. *See* Corcoran, 131 S.Ct. at 16; *see also* 28 U.S.C. § 2254(a) (authorizing a federal court to entertain a state prisoner's habeas petition "only on the ground that [s]he is in custody in violation of the Constitution or laws or treaties of the United States"). Violation of state law which does not infringe upon a specific constitutional right is cognizable in federal habeas corpus proceedings only if it amounts to a "fundamental defect which inherently results in a complete miscarriage of justice." *Hailey v. Dorsey*, 580 F.2d 112, 115 (4th Cir. 1978) (quoting *Hill v. United States*, 368 U. S. 424, 428 (1962)), *cert. denied*, 440 U. S. 937 (1979)). The record does not suggest that any federal constitutional right was violated at sentencing. A fifteen-year sentence for theft is statutorily permissible in Maryland. *See* Md. Code Ann., Crim. Law Art., § 7-104(g)(ii) (2012) (authorizing maximum sentence of 15 years in prison for theft of at least $10,000 but less than $100,000). The trial court's upward departure from the applicable guidelines was based on a thorough consideration of the record, which included documentation of Petitioner's mental health status. ECF No. 6 at Ex. 3; *see also* Ex. 2 at pp. 17-18 (confirmation that psychiatric evaluation had been conducted and was in the record prior to sentencing). Although the State initially argued that the sentencing guidelines

were eight to fifteen years due to a probation violation that occurred in Baltimore City, the State thereafter agreed that the correct guidelines were five to eight years when the defense produced evidence that the probation in question had been closed without a violation finding. *Id.* at Ex. 3, pp. 6-7.

At sentencing, the State argued for a substantial period of incarceration, noting specifically Petitioner's repeated theft convictions and her inability to be rehabilitated through the criminal justice system. *Id.* at Ex. 3, pp. 10-21. In response, defense counsel, who took no issue with the validity of the guilty plea, argued that a lengthy period of incarceration for a non-violent offender would be counter-productive and proposed instead a lenient sentence with mental health treatment and an opportunity to contribute to the reimbursement of the victim. *Id.* at pp. 22-29. The court, however, found that:

> Ms. Krempa is a thief. She is a thief. She's going to do it again and again and again. I'm sorry to say that but, that's truly what I believe. I've signed a Judgment of Restitution in the amount of Eighty-Six Thousand Dollars. Given all the documentation that the Court has read, knowing what her criminal history is and so forth, the Court imposes the maximum, fifteen years, Division of Correction.

*Id.* at p. 31. The trial court made clear its reasons for upwardly departing from the guidelines. The court deemed Petitioner a career criminal incapable of being rehabilitated who deserved the maximum sentence allowed by law.[4] There is nothing unconstitutional about the court's statutorily authorized sentence. Accordingly, no basis for relief under 28 U.S.C. § 2254(d) has been stated.

---

[4] Petitioner, then age 59, was no stranger to Maryland's criminal courts. *See* http://casesearch.courts.state.md.us/inquiry/inquirySearch.jis.

**Certificate of Appealability**

A Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U. S.C. § 2253(c)(2). Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Because this court finds that there has been no substantial showing of the denial of a constitutional right, a Certificate of Appealability shall not issue. *See* 28 U. S.C.§ 2253(c)(2).

**Conclusion**

Having found no merit to Petitioner's claims, this court will, by separate Order, deny the Petition for Writ of Habeas Corpus. Because this court finds that there has been no substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. 28 U.S.C. § 2253(c)(2).


Date: __December 27, 2012__                          _____/s/_____
                                                     DEBORAH K. CHASANOW
                                                     United States District Judge

13